54 CCPA

**Application of Christopher L. WILSON and Calvin J. Benning.**

**Patent Appeal No. 7764.**

United States Court of Customs and Patent Appeals.

May 25, 1967.

Rehearing Denied Oct. 5, 1967.

Kenyon & Kenyon, Richard K. Parsell, New York City, Solon B. Kemon, Robert I. Dennison, Washington, D. C., Morris Kirschstein, New York City (Kemon, Palmer, Stewart & Estabrook, Washington, D. C., of counsel), for appellants.

Joseph Schimmel, Washington, D. C. (Jack E. Armore, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, RICH, SMITH and ALMOND, Judges.

SMITH, Judge.

This is an appeal from the decision of the Board of Appeals[1] affirming the examiner's rejection of claims 16–17, 20–22, 24, 26, 36, 38, 40 and 42[2] in appellants' application[3] for "Polycarbonate Compositions," filed October 17, 1955. No claims were allowed.

The invention described in the application relates to a method of making an elastomeric resinous material by condensing a polycarbonate, obtained from the reaction of a glycol and phosgene or glycol and a dialkyl carbonate, with an organic diisocyanate. The appellants argue that their claims are patentable because of two features. 1) The absence of water in the reaction between the polycarbonate and the diisocyanate, and 2) the presence of an aliphatic polyhydroxy compound having at least three hydroxyl groups as a third ingredient in the polycarbonate condensation reaction. These features are recited in claims 16 and 26, the two broadest claims on appeal:

> 16. The process of forming an elastomeric polymeric resinous material comprising reacting a glycol selected from the group consisting of polyethylene glycol, polypropylene glycol mixed polyethylene-polypropylene

1. Composed of Magil, Examiner-in-Chief, and Behrens and Vertiz, Acting Examiners-in-Chief. We note that the composition of the board is such that more than one Acting Examiner-in-Chief participated in this decision. Appellants have not questioned the authority of this board. For the position of the court concerning the decisions of such boards under these circumstances, as well as the views of Almond, J., and myself, see In re Wiechert, 370 F.2d 927, 54 CCPA 957.

2. Claims 35, 37, 39 and 41 were also rejected below but the appellants' brief states that "the appeal with respect to them is hereby withdrawn."

3. Serial No. 541,066.

glycols, tetramethylene glycol and pentamethylene glycol with a compound selected from the group consisting of phosgene and a dialkyl carbonate to form a polycarbonate having a hydroxyl number of from 15 to about 200, and condensing 100 parts of said polycarbonate by weight in the absence of water with from about 24 to 50 parts of an organic diisocyanate by weight at a temperature of from about 20° to about 150°C.

26. The process of making a resilient foam comprising forming a polycarbonate having a hydroxyl number of from about 15 to 200 by reacting a glycol selected from the group consisting of polyethylene glycol, polypropylene glycol, mixed polyethylene-polypropylene glycol, tetramethylene glycol and pentamethylene glycol with a compound selected from the group consisting of phosgene and a dialkyl carbonate and from about 2 to 50% of an aliphatic polyhydroxy compound having at least three hydroxyl groups based on the weight of said glycol and reacting 100 parts by weight of the resulting polycarbonate with from about 24 to 50 parts by weight of an organic diisocyanate and about 2 parts by weight of water at a temperature of from 20° to 80°C.

The remaining claims are either claims to the process which cover more specific aspects of the invention or claims to the product in which the only asserted novelty resides in the process recited therein.

The references [4] relied on to support the rejection are:

| The Count of Interference | | No. 89,329 |
|---|---|---|
| Newton | 3,110,686 | Nov. 12, 1963 (filed Dec. 16, 1954) |
| Wilson et al. | 2,970,118 | Jan. 31, 1961 (filed July 8, 1954) |
| Marrian (British) | 650,002 | Feb. 7, 1951 |

The appealed claims fall into two categories: (1) claims 16 and 21 which were rejected as being "unpatentable over" the count of Interference No. 89,329 as well as being "unpatentable over" Newton; and (2) the remaining claims which were rejected as being "unpatentable over" Newton in combination with Marrian and Wilson. Despite the generality of the language used in stating the rejection, its statutory basis appears to be obviousness of the claimed invention in view of the art under the conditions stated in 35 U.S.C. § 103.

Newton discloses the preparation of resilient cellular foamed elastomeric material by the reaction of a linear polycarbonate and an organic diisocyanate in the presence of a foam-inducing agent such as water. The polycarbonate disclosed by Newton may be prepared by reacting an acyclic diol such as diethylene glycol with a carbonate diester such as diethyl carbonate. The water reacts with isocyanate groups to liberate carbon dioxide to produce the desired foam. In addition, Newton states:

For the most part, the resilient and elastic property of the contemplated foams are achieved by effecting the desired reaction between the linear polycarbonate and the organic diisocyanate in the presence of a foam inducing agent in the substantial absence of agents or radicals such as cyclic or polycyclic structures which tend to pro-

4. The examiner relied on another reference: Golding, Polymers and Resins, (1959). However, the board indicated that this reference could not be relied on because its date is later than the filing date of the application on appeal.

vide rigidity. * * * Compounds which possess three or more reactive hydrogen such as the trihydric alcohols typified by *glycerol* and the tribasic acid esters such as citric acid esters should be excluded.

Of course, at the expense of resiliency, elasticity, and softness it is possible to incorporate minor quantities of these materials. However, usually not more than about 3 percent by weight of the polycarbonate and diisocyanate is employed in any event. [Emphasis added.]

Claim 5 of the Newton patent was the count of Interference No. 89,329 in which the present appellants were the losing party. We agree with the appellants' contention that the rejection of claims 16 and 21 on the count is redundant of the rejection made on the basis of the Newton patent. There is, therefore, no need to here discuss the count separately.

The Wilson patent shows a method of making foamed polyester resins by reacting a polyester with a toluene diisocyanate in the presence of a tertiary amine catalyst and a small amount of water. The polyester reactant is obtained by the reaction of a saturated aliphatic dicarboxylic acid, a polyethylene glycol and an aliphatic polyhydroxy compound containing 3-6 hydroxyl groups.

The British patent to Marrian discloses a method for the production of resinous polyesters by reacting a dialkyl carbonate with a pentaerythritol in the presence of an alkaline ester interchange catalyst. The resinous polyesters so produced may contain unesterified primary alcoholic hydroxyl groups which may be reacted with a diisocyanate to form cross-linked products.

The examiner rejected claims 16 and 21 as "unpatentable over" Newton. The difference between the disclosures in the Newton patent and the appealed claims resides in the absence of water in the

reaction between the polycarbonate and the diisocyanate. It is the examiner's position that the omission of water and its function from the Newton reaction would be obvious to one of ordinary skill in this art. The remaining claims were rejected by the examiner as unpatentable over Newton in combination with Marrian and Wilson. The examiner stated that the difference between claims 16 and 21 and the remaining claims resides in the use of the aliphatic polyhydroxy compound in the preparation of the polycarbonate. The present specification shows that with increased additions of the polyhydroxy compound, the final products tend toward hardness and rigidity. Pointing to the above quoted passage from the Newton patent, the examiner contended that it was obvious to incorporate glycerol in the step of preparing the polycarbonate and thereby reduce the resiliency (increase the rigidity) of the final product.

The board generally affirmed the decision of the examiner but, in addition, pointed out: (1) Newton refers to an abandoned application, serial No. 441,927, filed July 7, 1954, for disclosure on how the linear polycarbonates may be prepared and this abandoned application disclosed that the polycarbonates can be made by reaction of glycols with polychloroformates which are made by phosgenating diols; (2) the disclosure of Wilson pertaining to the polycarboxylate-diisocyanate reaction is clearly in an art analogous to appellants' polycarbonate-diisocyanate reaction; and (3) appellants have not shown that the final product is substantially different when the polyol is added during the preparation of the polycarbonate rather than during the polycarbonate-diisocyanate reaction.

■ With respect to claims 16 and 21, appellants contend that it was not obvious at the time of their invention to omit the use of water in the condensation reaction between the polycarbonate and the diisocyanate. They point out that the water reacts with the diisocyanate to

form urea groups which contribute to the stiffness of the final product whereas in the absence of water, the two reactants produce only urethane linkages which are more stable and less stiff. We note, however, that Newton employs water *only* as a foam-inducing agent and that his disclosure shows that relatively small amounts of water are used. We therefore agree with the factually-based conclusion of the board and the examiner that it was obvious to one of ordinary skill in this art to omit water from the Newton reaction when its function as a foaming agent was not desired. In the absence of a showing by appellants of an unexpected result flowing from such omission, the subject matter is not patentable. 35 U.S.C. § 103.

The board found that the use of an aliphatic polyhydroxy compound in the reaction, as claimed in appealed claim 26, was obvious in view of Newton, Marrian and Wilson. The above quoted passage from Newton discloses to one of ordinary skill in this art that glycerol may be used in the polycarbonate-diisocyanate reaction at the expense of resiliency, elasticity and softness. In other words, Newton teaches the making of a relatively rigid product by the use of glycerol in the reaction. Newton's disclosure implies that glycerol, if used at all, is introduced during the polycarbonate-diisocyanate reaction. However, Marrian discloses the preparation of polyesters by the reaction of a dialkyl carbonate with a polyhydroxy compound having three or more hydroxyl groups. Wilson discloses a method for making a polyester from a dicarboxylic acid, a glycol and glycerol. These disclosures provide a proper factual basis for the determination of obviousness of the claimed invention under the conditions stated in 35 U.S.C. § 103.

The decision of the board is affirmed.

Affirmed.

WORLEY, C. J., did not participate.